UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM EMERICK, *pro se*, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:17-CV-895 JD<br>) |
| BLUE CROSS BLUE SHIELD ANTHEM, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff William Emerick, proceeding *pro se*, filed a state court breach of contract suit against Defendant Blue Cross Blue Shield Anthem ("Anthem")[1], alleging that Anthem failed to reimburse him and his now-deceased wife for her medical expenses in accordance with their joint health insurance policy. [DE 6] Anthem removed the matter to this Court based on federal question jurisdiction, alleging that Emerick's policy is an employee welfare benefit policy created pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. [DE 1 ¶ 5] On December 22, 2017, Anthem moved to dismiss Emerick's case under Fed. R. Civ. P. 12(b)(6). [DE 8] Emerick never responded.[2] For the reasons stated herein, the Court will deny Anthem's motion to dismiss.

---

[1] Anthem maintains that it has been improperly identified as "Blue Cross Blue Shield Anthem" in this action. Rather, its proper identity is Anthem Insurance Companies, Inc.

[2] Under Local Rule 7-1(d)(2)(A), Emerick had fourteen days to respond to Anthem's motion to dismiss. Those fourteen days came and went without any filings. While not required to do so, the Court then ordered Anthem to provide Emerick with notice of the pending motion to dismiss, given Emerick's *pro se* status and the dispositive nature of the motion. [DE 10] Anthem complied on January 17, 2018, giving Emerick a new fourteen-day period to respond. [DE 10; 11] Now roughly three months later, Emerick still has not responded to the instant motion. In fact, not counting his state court complaint, he has made no filings in this action whatsoever.

1

**BACKGROUND**

Emerick and his now-deceased wife were joint beneficiaries of an employee welfare benefit policy created under ERISA. The policy bars beneficiaries from taking legal action to recover benefits any later than three years after the date the relevant claims are required to be furnished to Anthem [DE 9-1 at 89], and beneficiaries must provide Anthem with notice of claims within 90 days of receiving covered services. *Id.* at 80. However, the policy also states that beneficiaries "must exhaust the Plan's Member Grievance and Appeal procedures before filing a lawsuit or other legal action of any kind against [Anthem]." *Id.* at 89

Emerick alleges that, between November 2011 and January 2012, he incurred significant expenses related to the hospitalization and treatment of his wife, who suffered from an unspecified form of cancer and a broken spine. In total, these expenses equaled $232,000. They included fees for her stay at a hospital in Tijuana, Mexico, transportation via air ambulance to and from said hospital, doctors' fees, and medication costs. Emerick alleges that he submitted a demand for reimbursement of these expenses on March 13, 2012, and that he and his wife made continuous demands for this reimbursement up until September 2016. He states that Anthem tendered a fractional reimbursement of $20,000, but he does not allege when that happened, nor whether or when he exhausted any internal appeal processes.

**STANDARD**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

As a preliminary matter, the Court notes that Anthem attached a "true and accurate copy" of the relevant employee welfare benefit policy to its motion. [DE 9 at 2; 9-1] A court normally cannot consider documents outside the complaint without converting it into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). That being said, a court can consider documents attached to a motion to dismiss if they are: part of the pleadings referred to in the plaintiff's complaint; central to his claim; and properly authenticated (or authenticity is conceded). *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Tierney*, 304 F.3d at 738-39; *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Here, the health insurance policy is referenced in the complaint and is central to Emerick's claim that Anthem failed to reimburse his wife's medical expenses. In addition, the attached policy is concededly authentic because Emerick has not challenged its authenticity. *See Hecker*, 556 F.3d at 582-83 (upholding district court's consideration of documents attached to a

3

motion to dismiss where the parties did not dispute the documents' authenticity). Therefore, the Court's consideration of the policy here does not convert the instant motion into one for summary judgment. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

**A.      ERISA's Preemption of Breach of Contract Claims**

Moving on to the substance of the motion to dismiss, Anthem argues that, because the policy is created under and governed by ERISA, Emerick's state law breach of contract claims are preempted by federal law. State common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by ERISA are preempted by the statute. 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Thus, Emerick's claim that Anthem "failed and refused to reimburse [him] for reasonable medical expenses he incurred" should ordinarily be preempted.

However, while labeled a "breach of contract" claim under state law, Emerick's complaint adequately sets forth the elements of an ERISA action under 29 U.S.C. § 1132(a)(1)(B), which allows a beneficiary to bring a civil action in federal district court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." First, Emerick alleges that he is a beneficiary[3] under the policy: "Plaintiff … jointly with his deceased wife … entered into a written health insurance contract with the Defendant" and "Defendant … contracted with the Plaintiff to provide coverage for the medical needs of Plaintiff's decedent." [DE 6 at 1] Second, he clearly seeks to recover benefits he believes are due to him under this policy. *See generally, id.* Because of this, the Court will not dismiss his case simply because he

---

[3] "The term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

4

names "breach of contract" as a claim for relief but articulates a cause of action under ERISA. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (explaining that identifying an incorrect legal theory is not fatal where plaintiff brought state breach of contract claim that was actually based on ERISA); *see also Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.") (citation omitted).

**B.     Timeliness**

Preemption arguments aside, Anthem also argues that Emerick's lawsuit, initiated on November 1, 2017, should be dismissed because he filed his complaint well after the contractual limitation period lapsed. The policy's language mandated that any legal action to recover benefits be taken no later than three years after the date the claim was required to be furnished to Anthem (ninety days after covered services rendered). [DE 9-1 at 80, 89] Emerick alleges he incurred medical expenses between November 2011 and January 2012 for his wife's treatment. Thus, Anthem contends that the policy's language limited him to taking legal action no later than April 2015 (approximately ninety days plus three years). But Anthem neglects to mention another provision in the policy, which is required by ERISA itself, 29 U.S.C. § 1133(2), and states that a beneficiary "must exhaust the Plan's Member Grievance and Appeal procedures *before* filing a lawsuit or other legal action of any kind against [Anthem]." *Id.* at 89 (emphasis added).

As a general matter, contractual limitations contained in health insurance policies are enforceable in ERISA suits. *Doe v. Blue Cross Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997). This holds true so long as the limitations period is not "unreasonably short."

5

*Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 612 (2013) ("We must give effect to the Plan's limitations provision unless we determine … that the period is unreasonably short …."). To borrow from Judge Dow in *Jamison v. Aetna Life Ins. Co.*:

> In *Heimeshoff*, the start of the contractual limitations period was based on the date that the participant's proof of loss was due. Because ERISA and its regulations require plans to complete an internal review after participants submit proof of loss, and because a participant's legal cause of action does not accrue until the plan's internal review is complete, the three-year limitations period applicable in *Heimeshoff* began to run before the participant's legal cause of action accrued (i.e., before the plan completed its internal review). The Supreme Court concluded that this arrangement was reasonable, based on the fact that (a) the typical internal review lasted only one year, leaving most participants with two years to file suit, and (b) in Heimeshoff's case, even though his internal review took two years, he still had one year to file suit before the expiration of his limitations period. *Id.* at 613.

No. 15-CV-0078, 2015 WL 6711081, *4 (N.D. Ill. Nov. 2, 2015).

Here, the policy measures Emerick's limitations period based on the deadline for filing a claim for benefits, which itself is measured based on the date on which he incurred medical expenses for his wife's treatment. Under this rubric, and according to Anthem's calculations, Emerick's three-year contractual limitations period ended in April 2015. Emerick's complaint, however, contains no allegations as to whether or when he exhausted the internal review process (or, when his claims became final) that served as a prerequisite to him filing suit. For example, if Emerick challenged Anthem's response to his claims pursuant to the grievance and appeal process, and those internal procedures did not conclude until *after* April 2015, then he would certainly have far less than an "unreasonably short" period of time to file a civil suit under *Heimeshoff*; he would have *no* time at all to file suit.

The fact that this information is missing from Emerick's complaint does not merit dismissal. Timeliness (or lack thereof) is an affirmative defense, and "'complaints need not anticipate and attempt to plead around defenses.'" *Chicago Bldg. Design, P.C. v. Mongolian*

6

*House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quoting *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004)). Accordingly, a motion to dismiss based on a failure to comply with a contractual limitations period should be granted only where "'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *See id.* (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In other words, dismissal on this ground at the pleading stage is only appropriate when the plaintiff "affirmatively plead[s] himself out of court." *Id.*; *see also Vinson v. Vermilion Cnty., Ill.*, 776 F.3d 924, 929 (7th Cir. 2015) ("[A] plaintiff may plead herself out of court when she includes in her complaint facts that establish an impenetrable defense to her claims."). Here, the complaint is ambiguous as to when Emerick exhausted the policy's internal review procedures, if at all. Because these factual details remain unresolved, the Court cannot address the reasonableness of the applicable contractual limitations period here, as required by *Heimeshoff*. *See Jamison*, 2015 WL 6711081, *5 (issues of fact remained as to when plaintiff's cause of action arose, preventing dismissal for lack of timeliness). Once the parties determine whether and when Emerick completed an internal review of his claims for reimbursement, "they should consider the Supreme Court's reasonableness requirement as articulated in *Heimeshoff*." *Id.* For the time being, the contents of the complaint do not establish the airtight timeliness defense that Anthem proposes; Emerick did not "plead himself out of court." Therefore, the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant Anthem's Motion to Dismiss. [DE 8]

SO ORDERED.

ENTERED: April 11, 2018

                                                /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court